SHAPIRO CROLAND REISER APFEL & DI IORIO, L.L.P.
Glenn R. Reiser, Esq., Attorney Id.: 021481990
411 Hackensack Avenue
Hackensack, New Jersey 07601
Tel: (201) 488-3900
Email: greiser@shapiro-croland.com
*Attorneys for Proposed Intervenor, Balaji Great Lotus Glory*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EMQORE ENVESECURE PRIVATE CAPITAL TRUST,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>BHAVDEEP SINGH, *et al.*,<br><br>　　　　Defendants. | Case No.: 2:20-cv-07324-KM-JBC<br><br>**DECLARATION OF GLENN R. REISER** |

**GLENN R. REISER**, being of full age, hereby certifies as follows:

1.　　I am an attorney at law of the State of New Jersey, and a partner in the law firm of Shapiro Croland Reiser Apfel & Di Iorio, LLP, counsel to the proposed intervenor Balaji Great Lotus Glory ("Balaji"). I submit this Declaration in support of my firm's motion to be relieved as Balaji's counsel in this case. All statements are based on my personal knowledge.

2.　　As explained herein, the basis for seeking removal is non-payment of my firm's fees combined with a host of broken promises and excuses that span over 90-days. The amount currently due is $30,350.85. Unfortunately, at this point I have lost all trust and faith in Balaji and the law firm in India with whom I have been exclusively communicating with since taking on this matter.

3.      In mid-October 2021, Balaji retained my law firm to act as their counsel in this matter.  The retention is governed by a written retainer agreement executed by Balaji's counsel in India, the Avissi Law Offices.

4.      My direct contact at the Avissi Law Offices is Manish Kumar, who has represented himself as being a licensed attorney in India.  Mr. Kumar further indicated that his law firm is representing Balaji in an arbitration proceeding in India related to the subject matter of this federal court action, and that he was authorized to hire my firm on behalf of Balaji.  Accordingly, I prepared and sent Mr. Kumar a written letter of engagement providing for an hourly fee agreement with rates ranging from $450/hr to $550/hr.  Mr. Kumar and his law partner Rashmi Kumari each signed the engagement letter, and Mr. Kumar returned it to me by email on October 12, 2021.  A few days later I received a wire transfer for the agreed upon retainer.

5.      Pursuant to the engagement letter, all invoices were due within 20-days of receipt. Mr. Kumar's firm agreed to provide a credit card to secure payment of any invoice that remained unpaid for 20-days.

6.      My firm initially invoiced Mr. Kumar's law firm in November 2021, after we had prepared and filed the motion to intervene.  After crediting the retainer fee, the sum of $17,993.75 was due and owing to my firm.  Mr. Kumar repeatedly assured and promised me that payment of this invoice would be made promptly by wire transfer.

7.      In reliance on Mr. Kumar's promises to pay the $17,993.75 balance of the initial invoice, I performed additional work on this matter in November and December 2021.

8.	On December 21, 2021, I emailed Mr. Kumar an invoice in the amount of $8,354.60 thus bringing the total amount due to $26,348.35.  At that time Mr. Kumar told me that his bank needed to see an invoice in order to ensure that the wire transfer was for a legitimate purpose. He assured me that upon receiving the invoice the entire $26,348.35 would be paid promptly.  A few days later, however, Mr. Kumar reiterated that the still experiencing problems in securing their bank's approval to send an international wire transfer.  I found his explanation to be odd because we previously had received a wire transfer at the outset of the attorney-client relationship.  As a solution, Mr. Kumar represented that he had secured arrangements to have the funds delivered through one of Balaji's contacts in Chicago, and that I would receive the funds on the firm date of December 30, 2021.   That day came and went but no funds were received.

9.	Since December 30, 2021, Mr. Kumar and his partner Rashmi Kumari have bombarded me with additional failed promises and multitude of excuses about why payment has not been made.  I was told that Mr. Kumar was hospitalized in late December, but that I should not worry because his partner Rashmi Kumari would ensure that payment would be made.  Ms. Kumari repeated the same story about their bank rejecting the wire transfer.  I suggested that she make arrangements to send a check by international courier service.

10.	After weeks of emails back and forth, Ms. Kumari provided me with a purported airbill for an international delivery that she represented would be delivered to my office with a check for $30,000.  After pressing her for several weeks to provide proof of the air-bill, however, all Ms. Kumari could muster was an air-bill addressed to a complete stranger in Somerset County, New Jersey.

No valid explanation was ever given about why a package that was supposed to be delivered to my firm in Hackensack, New Jersey instead was addressed to someone else in Somerset County.

11. Further, when my office manager attempted to charge the credit card provided to us at the outset of the attorney-client relationship the card was declined.

12. In recent days I have resumed communications with Mr. Kumar, who now says he's recovered and back to work.  Mr. Kumar has continued promoting the same excuses and delays, however.  Most recently, he assured me that I would receive a partial payment of $12,000 by February 16th.  No such payment was received, however, and Mr. Kumar has ceased communicating with me.

13. On several occasions throughout my representation of Balaji I also have communicated with Ravi Singh, whose email signature identifies him as an authorized representative of Balaji.  In a January 7, 2022 email, Mr. Singh assured me that I would receive payment.

I declare under penalty of perjury under that the foregoing is true and correct.

/s/ Glenn R. Reiser_____
Glenn R. Reiser

Dated: February 18, 2022